**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

In re:

RICHERT FUNDING, LLC, as
Substantively consolidated with
DWIGHT DONALD RICHERT and
HOLLY BERRY RICHERT
    Debtors.
_____/

SONEET R. KAPILA, as Chapter 7
Trustee of the Bankruptcy Estate of
Richert Funding, LLC, as substantively
Consolidated with Dwight Donald
Richert and Holly Berry Richert,
    Plaintiff,
vs.
Elkhorn Goldfields, Inc. and
Patrick Imeson,
    Defendants.
_____/

Case No.: 6:18-bk-06276-GER
Chapter 7

Adv. Proc.:  6:21-ap-00064-GER

**DEFENDANTS' STATEMENT OF ISSUES AND ITEMS TO BE INCLUDED IN THE RECORD UNDER F.R.B.P. 8009(a)(1)(A)**

**Issues to be presented.**

    The court erred in finding for Plaintiff on the fraudulent transfer claims, counts 6 - 9 of the operative complaint.  To arrive at this verdict, Defendants contend that the court made the following errors:

    1.    Judged by the books and records alone, the Debtor would have been solvent during the four years prior to bankruptcy.  The Trustee offered his own expert opinion that tens of millions of dollars of accounts receivable were actually worth zero dollars.  With tens of millions of dollars of accounts receivable written off, the Trustee opined, the Debtor was insolvent.  The court erred in crediting this opinion because the Trustee failed to present

sufficient evidence to support it - for example, the Trustee admitted on cross-examination that he had not even seen any of the accounts receivable which he was opining were worth zero dollars.

    2.    The court never addressed Defendants' lead argument against the opinion: the amount of accounts receivable the Trustee wrote off *decreased* by tens of millions of dollars as the Debtor approached the petition date. This has at least three implications, each of which independently made it error for the court to accept the Trustee's own expert opinion that the Debtor was insolvent:

        a.    The fact that the accounts receivable were being closed at such a rapid rate meant that the Trustee could not simultaneously opine that they were worth nothing.

        b.    Mathematically the Debtor was solvent, simply by comparing (1) the rate at which accounts receivable were being closed with (2) the deficit claimed by the Trustee.

        c.    The Trustee admitted on cross-examination that he had no explanation for this discrepancy. The Trustee's inability to explain this glaring problem with his own insolvency analysis, and his counsel's inability to offer any explanation in summation, meant that his expert insolvency opinion should not have been credited.

    3.    The court erred in finding that Defendant Imeson did not provide value to the Debtor in exchange for his earned commissions.

**Items to be included in the record on appeal.**

Docket entries kept by the bankruptcy clerk.

First amended complaint (ECF 28 – 10-11-21).

Answer (ECF 30 – 11-1-21).

Kapila report (ECF 130-51 – 9-5-23).

D-2,3, 4, 12, and 33 (ECF 132 – 9-6-23).

Final judgment (ECF 165 – 11-29-23).

Defendants' notice of appeal (ECF 171 – 12-12-23).

Order denying reconsideration (ECF 183 – 1-23-24).

Plaintiff's notice of appeal (ECF 188 – 2-5-24).

Transcripts of trial (ECF 153 and 154 - 9-11-23 and 9-13-23) and verdict (ECF 169 - 11-28-23).

Respectfully submitted,

/s/ Evan L. Frank_____
Evan L. Frank, Esq.
Florida Bar No. 99761
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Defendants

February 6, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2024, a copy of the foregoing was served on all counsel of record by CM/ECF.

Respectfully submitted,

/s/ Evan L. Frank_____
Evan L. Frank, Esq.
Florida Bar No. 99761
Alan L. Frank Law Associates, P.C.
135 Old York Road
Jenkintown, PA 19046
215-935-1000
215-935-1110 (fax)
efrank@alflaw.net
Counsel for Defendants